```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------- x
IN RE:                                      :    CHAPTER 11
                                            :
QUEBECOR WORLD (USA), et al.,               :    CASE NO. 08-10152-JMP
            Debtors                         :    (Jointly Administered)
---------------------------------------------------- x
EUGENE I. DAVIS, as Litigations Trustee,    :
for the Quebecor World Litigation Trust,    :
            Plaintiff                       :
                                            :
            v.                              :    ADV. PRO. NO. 10-01441-jmp
                                            :
Clark Distribution Systems, Inc., d/b/a     :
Clark Distribution Systems,                 :
            Defendant                       :
---------------------------------------------------- x    JURY TRIAL DEMANDED
```

## ANSWER WITH AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL

Clark Distribution Systems, Inc. ("Clark), by and through its undersigned counsel, hereby files this Answer with Affirmative Defenses and avers the following:

## NATURE OF CASE

1. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

## JURISDICTION

2. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

3. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

4. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

## BACKGROUND

5. Admitted.

6. Admitted in part and Denied in part. Clark admits a plan was confirmed. Clark denies that any trust that was created thereunder has the legal authority to prosecute avoidance actions under Chapter 5 of the United States Bankruptcy Code and denies all other averments of this paragraph.

7. Admitted.

## CLAIMS FOR RELIEF

### COUNT I
**(Avoidance of preference transfers – 11 U.S.C. §547)**

8. Clark incorporates herein by reference paragraphs 1 through 7 above.

9. Denied.

10. Denied. This paragraphs states a legal conclusion to which no responsive pleading is required.

11. Denied. By way of further response, Clark admits receiving certain payments during the Preference Period, however, Clark denies the Transfers are these payments as alleged in this paragraph.

12. Denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

17. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

18. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

## COUNT II
### (To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. §548(a)(1)(B))

19. Clark incorporates herein by reference paragraphs 1 through 18 above.

20. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

21. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

## COUNT III
### (To Recover Post Petition Transfers Pursuant to 11 U.S.C. §549)

22. Clark incorporates herein by reference paragraphs 1 through 21 above.

23. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

## COUNT IV
### (Recovery of Avoided Transfers – 11 U.S.C. §550)

24. Clark incorporates herein by reference paragraphs 1 through 23 above.

25. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

26. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

27. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

## COUNT V
### (Disallowance of all Claims – 11 U.S.C. §502(d) and (j))

28. Clark incorporates herein by reference paragraphs 1 through 27 above.

29. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

30. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

31. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

32. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

33. Denied. This paragraph states a legal conclusion to which no responsive pleading is required.

WHEREFORE, the Defendant, Clark Distribution Systems, Inc., requests this Court to: (i) enter judgment in its favor and dismiss the Complaint with prejudice, (ii) award its costs and expenses and (iii) grant such other relief as is just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

To the extent any of the Transfers are avoided pursuant to 11 U.S.C. § 547, the Debtor is barred from recovery in connection therewith to the extent such recovery is used to pay administrative expenses (excluding costs of prosecution of avoidance actions) or secured creditors because such payments would not benefit the estate as required by 11 U.S.C. § 550(a) and thereby thwart the statutory intent behind protecting unsecured creditors from preferential transfers.

## FOURTH AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by the doctrines of estoppel, including, but not limited to, judicial, equitable and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

The Transfers are unavoidable, in whole or in part, because the alleged transfers were intended by the Debtor and Clark to be a contemporaneous exchange for new value given to the Debtor and the Transfers were in fact substantially contemporaneous. Clark hereby invokes the protections afforded it under 11 U.S.C. § 547(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

The Transfers are unavoidable, in whole or in part, because the Transfers were made in payment of a debt incurred by the Debtor in the ordinary course of the business or financial affairs of the Debtor and Clark, were made in the ordinary course of business or financial affairs of the Debtor and Clark; and were made according to ordinary business terms. Clark hereby invokes the protections afforded it under 11 U.S.C. § 547(c)(2).

## SEVENTH AFFIRMATIVE DEFENSE

The Transfers are unavoidable, in whole or in part, because after the alleged transfers were made, Clark gave new value to or for the benefit of the Debtor: (a) which new value was not secured by an otherwise avoidable security interest; or (b) on account of which the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Clark. Clark invokes the protections afforded it under 11 U.S.C. § 547(c)(4).

## EIGHTH AFFIRMATIVE DEFENSE

Clark gave reasonably equivalent value to the Debtor in exchange for the Transfers.

## NINTH AFFIRMATIVE DEFENSE

The Debtors had sufficient capital immediately before, during and after any transfer to Clark.

## TENTH AFFIRMATIVE DEFENSE

The Debtors did not become insolvent as a result of any transfer to Clark.

## ELEVENTH AFFIRMATIVE DEFENSE

The Debtors did not incur debts beyond their ability to pay as such debts matured.

## TWELFTH AFFIRMATIVE DEFENSE

The creation of the Quebecor World Litigation Trustee and delegation of avoidance power under Chapter 5 of the United States Bankruptcy Code is unauthorized and the Plaintiff lacks standing, or is not the real party in interest, to assert the causes of action stated herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

Clark is a good faith transferee.

McNEES WALLACE & NURICK LLC


By: /s/ Clayton W. Davidson
      Clayton W. Davidson (CD-3576)
      100 Pine Street
      P.O. Box 1166
      Harrisburg, PA 17108-1166
      Telephone: (717) 232-8000
      Facsimile: (717) 237-5300
      cdavidson@mwn.com

*Counsel for Clark Distribution Systems, Inc.*




BACKENROTH, FRANKEL & KRINSKY LLP


By: s/Mark Frankel
      Mark A. Frankel (MF-8417)
      489 Fifth Avenue
      New York, NY 10023
      Telephone: (212) 593-1100
      Facsimile: (212) 644-0544

*Co-Counsel for Clark Distribution Systems, Inc.*